IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01122-BNB

RAUL MORENO CHAVEZ,

    Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2010

GREGORY C. LANGHAM
                 CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Raul Moreno Chavez, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Chavez initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 03-CR-949 in the Adams County District Court of Colorado.

In an order entered on June 18, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 29, 2010, Respondents filed a Pre-Answer Response. Mr. Chavez submitted a Reply on July 15, 2010.

The Court must construe liberally the Application filed by Mr. Chavez because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On June 30, 2004, a jury found Mr. Chavez guilty of nine counts of attempt to commit first degree murder, one count of conspiracy, two counts of illegal discharge of a firearm, and two counts of felony menacing. Pre-Answer Resp. Ex. A at p. 12 (State Register of Actions). On September 1, 2004, the trial court sentenced Mr. Chavez to a total of 144 years in the Department of Corrections. *Id.* at 11.

Mr. Chavez then filed a direct appeal to the Colorado Court of Appeals (CCA). *Id.* at 12. The CCA affirmed his conviction on July 20, 2006. *See People v. Chavez*, No. 04CA2151 (Colo. App. July 20, 2006) (unpublished opinion) (Pre-Answer Resp. at Ex. B). Mr. Chavez petitioned the Colorado Supreme Court (CSC) for certiorari review, which the CSC denied on October 23, 2006. Pre-Answer Resp. at Ex. E.

On June 17, 2008, Mr. Chavez filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c), which the trial court denied on June 23, 2008. Pre-Answer Resp. at Ex. A, p. 10. Mr. Chavez filed an appeal, and the CCA affirmed the trial court on July 9, 2009. *See People v. Chavez*, No. 08CA1668 (Colo. App. July 9, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex. H). The CSC denied certiorari review on November 9, 2009. Pre-Answer Resp. at Ex. J.

Mr. Chavez then filed the instant action, which was received by the Court on May 6, 2010. In the Application, Mr. Chavez asserts three claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Chavez's criminal case became final. Because Mr. Chavez filed a direct appeal, his conviction became final ninety days after

October 23, 2006, the date the CSC denied certiorari review. *See* 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court finds that Mr. Chavez's conviction became final on January 21, 2007. As such, the one-year statute of limitations began to run on January 22, 2007, the next business day after the conclusion of the time to appeal. *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Chavez's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a

4

post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Chavez's state court action between January 22, 2007, and June 17, 2008. Therefore, the limitation period began to run on January 22, 2007, and expired on January 22, 2008, the 365th day after the limitation period began to run. Because the one-year limitation period expired before Mr. Chavez filed his Rule 35(c) motion on June 17, 2008, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). The Court finds that the limitation period expired approximately two years and three months prior to the filing of the application on May 6, 2010. Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore,

equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Chavez bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Chavez argues that equitable tolling is appropriate in his case for two reasons. First, he asserts that he has previously filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court, but voluntarily dismissed the case without prejudice in order to exhaust his state court remedies. *See* Reply at 1. Mr. Chavez filed an Application for Writ of Habeas Corpus in this Court on February 21, 2008, in a case captioned *Chavez v. Milyard, et al.*, Case No. 08-cv-00355-ZLW. On March 20, 2008, Mr. Chavez filed a "Motion to Have his Cause Dismissed Without Prejudice so He Can Exhaust State Remedy of Post Conviction Issue." The Court construed the Motion as a Notice of Dismissal filed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, and ordered the case dismissed without prejudice on April 2, 2008. However, Mr. Chavez's 2008 federal habeas petition in this Court is not a form of collateral review sufficient to toll the limitations period under § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 191 (2001) (finding that the limitations period is not tolled during the pendency of a federal habeas petition). Accordingly, the fact that Mr. Chavez previously filed a habeas petition in this Court that was dismissed without prejudice provides no basis for equitable tolling of the limitations period.

Second, Mr. Chavez asserts that he "spent an entire year trying to obtain the [state court] record, with which to research and perfect his [post-conviction] claims." Reply at 2. He argues that because the state court failed to provide him with a

complete record, including transcripts, that this constitutes a "state caused action" such that he is entitled to equitable tolling. *Id.* However, "lack of access to a trial transcript does not preclude an applicant from commencing post-conviction proceedings and therefore does not warrant equitable tolling." ***Jihad v. Hvass***, 267 F.3d 803, 806 (8th Cir. 2001); *see also **Lloyd v. Van Natta***, 296 F.3d 630, 633-34 (7th Cir. 2002) (one-year limitation period is not tolled by state's failure to provide applicant with complete trial record, as applicant was not prevented from filing application as result of state's failure); ***United States v. Banuelos-Munoz***, 182 F.3d 933, 1999 WL 314616 (10th Cir. May 19, 1999) (unpublished opinion) (finding equitable tolling not justified based upon obstacles faced by the petitioner in obtaining the transcript); *accord **Brown v. Cain***, 112 F.Supp.2d 585, 586-87 (E.D. La. 2000) (rejecting a claim of equitable tolling based on a delay in obtaining state court record, as the petitioner had "experienced all the pretrial proceedings and the full trial; thus, the legal arguments should have been apparent to [him] without the transcripts").

In the instant action, Mr. Chavez elected to obtain the state court record before he filed his Colo. R. Crim. P. 35(c) postconviction motion on June 17, 2008. Such an election was within Mr. Chavez's control and does not qualify as diligent pursuit of his claims because in Colorado, evidentiary support is not required to assert a claim for postconviction relief. *See **White v. Denver Dist. Court***, 766 P.2d 632, 635 (Colo. 1988). Although waiting to file his Colo. R. Crim. P. 35(c) motion until after receiving the transcripts did not render his state post-conviction motion untimely, *see* Colo. Rev. Stat. § 16-5-402(1) (defendant has three years from date of conviction to attack

conviction collaterally), that delay does not comport with the diligence Congress requires by imposing a one-year limitation period. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (recognizing that interaction of 28 U.S.C. § 2244(d) with state procedural rules may force a state prisoner to act expeditiously to preserve federal claims despite procedural lenience of a state law that may forgive substantial delay). As such, the Court finds that Mr. Chavez fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Chavez has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __5th__ day of __August__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01122-BNB

Raul Moreno Chavez
Prisoner No. 123267
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/6/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk